ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert H. Marcereau (SBN 211534)<br>MARCEREAU & NAZIF<br>26000 Towne Centre Drive, Suite 230<br>Foothill Ranch, California 92610<br>Tel: (949) 531-6500<br>Fax: (949) 531-6501<br>E-mail: rmarcereau@mncalaw.com | **FILED**<br>**JAN 22 2016**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Movant, Kelli Peters

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Kent Wycliffe Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter | CASE NO.: 8:16-bk-10223-ES<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: TBD<br>TIME: TBD<br>COURTROOM: 5A |

**Movant**: Robert H. Marcereau, Attorney for Kelli Peters

1. **Hearing Location**:
   ☐ 255 East Temple Street, Los Angeles, CA 90012
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   ☐ 3420 Twelfth Street, Riverside, CA 92501
   ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☒ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  1/22/16                            MARCEREAU & NAZIF
                                         Printed name of law firm (if applicable)

                                         Robert H. Marcereau
                                         Printed name of individual Movant or attorney for Movant

                                         Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Kelli Peters, et. al. v. Kent W. Easter, et. al.

   b. *Docket number:*    30-2012-00588580-CU-PO-CJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Orange County Superior Court, Central Justice Center

   d. Causes of action or claims for relief (Claims):

      False Imprisonment; Infliction of Emotional Distress

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was filed on (*date*)  01/20/2016  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____ .

   c. ☐ A plan was confirmed on (*date*) _____ .

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                        F 4001-1.RFS.NONBK.MOTION

f.  ☒  The bankruptcy case was filed in bad faith.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☒  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3)  ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4)  ☐  The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☐  Other (*specify*):

5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (*specify*):

6.  **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☐  Other evidence (*specify*):

7.  ☒  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                           Page 4                          **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date:  1/22/16

MARCEREAU & NAZIF
Printed name of law firm (*if applicable*)

Robert H. Marcereau
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

                                                         **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant)  Robert H. Marcereau _____ , declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☐  I am the Movant.
    ☒  I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐  I am employed by Movant as (title and capacity):
    ☐  Other (specify):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒  Plaintiff
    ☐  Defendant
    ☐  Other (specify):

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action:* Kelli Peters, et. al. v. Kent W. Easter, et. al.
    b.  *Docket number:*    30-2012-00588580-CU-PO-CJC
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending:*

    Orange County Superior Court, Central Justice Center, Dept. C-32, Judge Glass

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:

        False Imprisonment; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress

        Claims are pending:  Jury Trial set to begin on February 1, 2016.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit  A    .

    c.  The Nonbankruptcy Action was filed on (date)  08/03/2012  .

    d.  Trial or hearing began/is scheduled to begin on (date)  02/01/2016   .

    e.  The trial or hearing is estimated to require  7     days (specify).

    f.  Other plaintiffs in the Nonbankruptcy Action are (specify):

        Bill Peters, Minor 1 (daughter of Kelli and Bill Peters, name filed under seal)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 6                      **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

Jill B. Easter, aka Eva Bjork, aka Eva Everheart

5.  **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☒  It is currently set for trial on (*date*)  02/01/2016  .

(2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

(3)  ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☒  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☒  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):
Defendant Kent Easter was convicted of felony false imprisonment of Plaintiff on 9/10/14 (OCSC Case 12ZF0153).  Plaintiff's civil case againt him has been pending for almost four years until the criminal case was concluded.  Now, 10 days before the civil trial was finally set to commence, Mr. Easter filed a BK Petition.  (See attached Memorandum of Points and Authorities).

(3)  ☐  Multiple bankruptcy cases affecting the Property include:

(A)  Case name:
Case number:                                    Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 7                          **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:
Case number:
Date filed:                    Chapter:
Date filed:              Date discharged:          Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:
Case number:
Date filed:                    Chapter:
Date filed:              Date discharged:          Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒ See attached continuation page for other facts justifying relief from stay.

6.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c.  ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 1/22/16 | Robert H. Marcereau | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

In August 2012, Movant Kelli Peters filed a lawsuit in Orange County Superior Court against Petitioner Kent Easter and his wife, Jill Easter, for false imprisonment and infliction of emotional distress.  (OCSC Case No. 30-2012-00588580 [the "Civil Lawsuit"].)  The jury trial in the Civil Lawsuit is set to commence on February 1, 2016.  On January 20, 2016, *ten days before the start of the jury trial*,  Kent Easter filed the instant bankruptcy petition.  Mr. Easter's last-minute bankruptcy petition was filed in bad faith in an effort to prevent the trial from moving forward.

The facts of this case are disturbing:  Kent Easter and his wife (both of whom are former attorneys)[1] planted illegal drugs in Kelli Peters' car, then made a false report to Irvine Police stating that they saw Mrs. Peters "driving erratically" and "stashing drugs" in her vehicle.  The police detained Mrs. Peters at the school where she volunteered, in front of hundreds of onlookers and her own daughter, and subjected her to a lengthy investigation.  The entire ordeal was terrifying and humiliating for Mrs. Peters and her family.  Jill and Kent Easter were ultimately arrested and prosecuted for their crimes in Orange County Superior Court, Case No. 12ZF0153.  (Declaration of Robert H. Marcereau, ¶ 3, Ex. B.)  Jill Easter pleaded guilty to felony false imprisonment on October 30. 2013.  (*Id.*)  Kent Easter was found guilty of felony false imprisonment on September 10, 2014.  (*Id.*)

The automatic stay should be lifted on the following grounds: (1) Kent Easter's Petition was filed on the eve of the Civil Lawsuit jury trial and is in bad faith; (2) the Civil Lawsuit is not an action to collect a debt, but an action to liquidate claims; (3) the claims (False Imprisonment and Infliction of Emotional Distress) arise under California law and have been pending in State Court for almost four years; (4) the claims involve intentional,

---

[1] Kent Easter (SB# 199838) is a Stanford graduate and former partner at Stradling Yocca, and Jill Easter (SB#198399) is a Boalt Hall graduate and former associate at Wilson Sonsini.  They were disbarred after their criminal convictions.

criminal acts by Kent Easter (*for which he was been convicted*), and any judgment on such claims would be non-dischargeable.

## II.    STATEMENT OF RELEVANT FACTS.

### A.    Kent Easter's False Imprisonment Scheme.

On February 16, 2011, Kent Easter, pursuant to his conspiracy with his wife Jill Easter, planted bags of Vicodin, Percocet, Marijuana, and a used Marijuana pipe in the back seat of Kelli Peters' car. (First Amended Complaint ["FAC"], ¶10, attached as Exhibit A to this Motion.) After planting the drugs and pipe in Mrs. Peters' car, Mr. Easter called the Irvine police, falsely telling the police that he was a "concerned parent" who had witnessed Mrs. Peters doing drugs and driving erratically in the parking lot of the elementary school where she volunteered. In an effort to disguise his involvement, Mr. Easter gave the police a phony name and made the call from a public phone. (FAC, ¶ 13.)

In response to the false report, the Irvine Police went to the school where Mrs. Peters was volunteering and, in front of hundreds of onlookers and Mrs. Peters' twelve-year-old child, took Mrs. Peters into custody and escorted her outside the building, then made her sit on the curb next to her car while they pulled bags of drugs and drug paraphernalia out of her car. (FAC, ¶ 14.) Mrs. Peters and her family were subjected to a lengthy criminal investigation, including a search of their home and DNA tests. Mrs. Peters and her family were terrified and humiliated by the ordeal. (FAC, ¶ 16-23.)

### B.    The Arrest of Kent Easter and Jill Easter.

After a lengthy investigation, the Irvine police were able to trace the call made by Kent Easter to a hotel lobby, where security camera footage revealed his identity. The police also found DNA from both Mr. and Mrs. Easter on the drugs and Marijuana pipe that were planted in Mrs. Peters' car, and uncovered numerous text messages sent between Mr. and Mrs. Easter regarding their plot to destroy Mrs. Peters and her family. (FAC, ¶ 24.) On June 16, 2012, the Irvine police arrested Kent and Jill Easter. (*Id.*)

MOTION FOR RELIEF FROM AUTOMATIC STAY

C.    **The Criminal Convictions of Kent Easter and Jill Easter**

On September 10, 2014, Kent Easter was tried and convicted of felony false imprisonment of Kelli Peters through fraud or deceit (Penal Code 236/237a) in Orange County Superior Court, Case No. 12ZF0153. (Marcereau Decl., ¶4, Ex. B.) Mr. Easter was sentenced to, among other things, 180 days in jail and 3 years' probation. (*Id.*) Jill Easter pleaded guilty to felony false imprisonment of Kelli Peters through fraud or deceit (Penal Code 236/237a) and received similar sentencing. (*Id.*)

D.    **The Civil Lawsuit.**

In August of 2012, approximately two months after Kent and Jill Easter were arrested for their false imprisonment scheme, Kelli Peters, her husband Bill, and their daughter, filed a lawsuit against the Easters in Orange County Superior Court, Case No. 30-2012-00588580. The First Amended Complaint contains causes of action for: False Imprisonment, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress. (Marcereau Decl., ¶¶2-3, Ex. A.) The Civil Lawsuit was stayed until the Easters criminal trial concluded in September 2014. (*Id.*) The jury trial is scheduled to start on February 1, 2016. (*Id.*)

III.    **ARGUMENT.**

A.    **Movant Is Entitled To Relief From The Stay.**

1.    **Relief From The Automatic Stay Is Warranted for "Cause" Based On Easter's Bad Faith Bankruptcy.**

While the filing of a bankruptcy petition creates an automatic stay as to the debtor, subsection 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "the court shall grant relief from the stay . . . for cause . . . ." 11 U.S.C. § 362(d)(1). As a general matter, there is no clear definition of what constitutes "cause" within the meaning of section 362(d)(1), so relief from stay on this basis is discretionary and must be determined on a case by case basis. See MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985). It is well established, however, that subsection 362(d)(1) is construed broadly. 3 Collier on Bankruptcy, ¶ 362.07[3][a] ("Use of the word 'cause' suggests an intention that

1   the bases for relief from the stay should be broader than merely lack of adequate

2   protection.")

3          Once a court finds that "cause" exists, relief from the automatic stay is mandatory.

4   See 11 U.S.C. § 362(d) ("the court **shall** grant relief from stay . . . for cause" [emphasis

5   added]); 3 Collier on Bankruptcy, ¶ 362.07[3] ("Relief from the stay **must** be granted upon a

6   showing of cause for relief." [Emphasis added.])  Moreover, once the movant makes a *prima*

7   *facie* case for "cause" for relief from stay, the burden shifts to the debtor pursuant to section

8   362(g) on all issues.  See 11 U.S.C. § 362(g); Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In

9   re Duvar Apt., Inc.), 205 B.R. 196, 200 (9th Cir. B.A.P. 1996).

10          "The existence of bad faith in commencing a bankruptcy case constitutes cause for

11   granting relief from the stay pursuant to § 362(d)."  Bailey & Assocs. v. Brown and

12   Charbonneau LLP (In re Bailey & Assocs.), 2011 U.S. Dist. LEXIS 101364, *8 (C.D. Cal.

13   Sept. 6, 2011) (quoting Duvar Apt., 205 B.R. at 200); see In re Lippolis, 228 B.R. 106, 112

14   (E.D. Pa. 1998) (stay relief granted based upon debtor's bad faith filing); Mother African

15   Union Methodist Church v. Conference of AUFCMP Church (In re Conference of African

16   Union First Colored Methodist Protestant Church), 184 B.R. 207, 218 (Bankr. D. Del 1995)

17   ("Filing bankruptcy in bad faith is 'cause' for relief under [Bankruptcy] Code § 362(d)(1).");

18   Idaho Dept. of Lands v. Arnold (In re Arnold), 806 F.2d 937, 939 (9th Cir. 1986) (citations

19   omitted).

20          Commencing a bankruptcy case to frustrate a state court action with the automatic

21   stay constitutes bad faith and allows the bankruptcy court to grant relief from the automatic

22   stay.  See Dressler v. Seeley Co. (In re Silberkraus), 336 F.3d 864, 871 (9th Cir. 2003)

23   (strategic filing of bankruptcy petition two days before state court was to schedule trial date

24   in suit against debtor constitutes bad faith where purpose was to frustrate and to impede state

25   court lawsuit ); Eisen v. Curry (In re Eisen), 14 F.3d 469, 470-71 (9th Cir. 1994) (bad faith

26   exists where debtor timed the bankruptcy filing to frustrate a state court action with the

27   automatic stay).

28

1    Kent Easter filed this bankruptcy case on the eve of trial in bad faith to try to thwart

2    Kelli Peters' litigation against him. There is no legitimate purpose for his bankruptcy filing.

3    Accordingly, "cause" exists to grant relief from the automatic stay.

    **2.    Kelli Peters' Claims Arise Under Non-Bankruptcy Law.**

5    Mrs. Peters' claims against Kent Easter are for False Imprisonment and Infliction of

6    Emotional Distress. All of the claims arise under California (i.e., non-bankruptcy) law. This

7    is not an action to collect a debt. Rather, it is an action to liquidate claims for intentional,

8    criminal acts by Mr. Easter which, as discussed below, are non-dischargeable.

    **3.    Mrs. Peters' Claims Against Kent Easter Are Nondischargeable**.

10    Mrs. Peters has alleged that Kent Easter planted drugs in her car and made a false

11    police report which resulted in her detention by Irvine Police. <u>These allegations were</u>

12    <u>confirmed when Kent Easter was convicted of felony false imprisonment through fraud or</u>

13    <u>deceit</u> pursuant to Penal Code 236/237a. Mrs. Peters is seeking compensatory and punitive

14    damages.

16    Mrs. Peters' claims support a judgment of nondischargeability under section 523(a)(6)

17    of the Bankruptcy Code, which states that "willful and malicious injury by the debtor to

18    another entity or to the property of another entity" is nondischargeable. <u>See</u> <u>Carillo v. Su (In</u>

19    <u>Re Su)</u>, 290 F.3d 1140, 1142, 1147 (9th Cir. 2002) (citation omitted) (holding that willful

20    injury requirement under 11 U.S.C. § 523(a)(6) is met when debtor has subjective motive to

21    inflict injury or when debtor believes injury is substantially certain to result from his

22    conduct; and maliciousness requirement is met by "(1) a wrongful act, (2) done intentionally,

23    (3) which necessarily causes injury, and (4) is done without just cause or excuse").

24    To prove "malice," a creditor does not need show that the debtor specifically intended

25    to injure the creditor, but must show that the debtor knew, or it was reasonably foreseeable,

26    that the debtor's conduct would result in injury to the creditor. <u>Britton v. Price (In re</u>

27    <u>Britton)</u>, 950 F.2d 602, 605 (9th Cir. 1991) (citations omitted) Where punitive damages are

28    awarded under California law, the injury caused by the debtor is by definition willful and

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

malicious. See Molina, 228 B.R. at 251-52 (necessary findings for nondischargeability under section 523(a)(6) of the Bankruptcy Code are implicit in state court's award of punitive damages for fraud). As the Molina court observed, willfulness and malice are implicit in California's punitive damages statute. See Id.; Cal. Civ. Code § 3294 (regarding exemplary damages).

Mrs. Peters expects – based on the severity of Kent Easter's tortious conduct (which resulted in his criminal conviction for felony false imprisonment)—that she will obtain an award of punitive damages against Kent Easter.

### 4.    Mrs. Peter's Claims Against Kent Easter Can Be Most Expeditiously Resolved In The State Court Action.

The Civil Lawsuit against Kent Easter has been pending in the State Court since August 2012. The parties have litigated extensively in the Civil Lawsuit, and the State Court has made numerous rulings affecting this lawsuit. The State Court is intimately familiar with the Civil Lawsuit and the parties. Mrs. Peters has conducted discovery in the Civil Lawsuit and has prepared extensively for trial, which is set to begin on February 1, 2016. A trial in the State Court is the most efficient use of judicial resources, and it would be inefficient to re-start the case anew in Bankruptcy Court.

### B.    Mrs. Peters and Third Party Witnesses Will Suffer Severe Prejudice If the Automatic Stay is Not Lifted.

Mrs. Peters' trial against Kent Easter is set to begin on February 1st, 2016. If the stay is not lifted, she and her family will suffer severe prejudice. Kelli Peters, her husband Bill Peters, and their daughter have all arranged their work and family schedules to appear at trial on February 1. (Marcereau Decl., ¶5.) Over half a dozen third-party witnesses have also made work/family arrangements to appear at trial, including Irvine Police officers Charles Shaver and Mark Andreozzi, OC District Attorney Christopher Duff, Irvine Public School principal Heather Phillips, and Psychologist Nina T. Rodd. If the trial date is lost, these witnesses will be prejudiced, and may not be available for a later trial date. (Id., ¶5.)

Plaintiff Kelli Peters and her family *have been waiting almost four years for their day in court*. In light of the Court's busy calendar, if this trial date is lost, there is no telling when the trial will be re-scheduled, and no telling whether the percipient witnesses currently committed to appear at trial will be available. Further, the Peters family and their attorneys have spent an enormous amount of time getting ready for the February 1 trial date (including witness and argument preparation), and much of this work will have to be re-done if the trial does not go forward as scheduled. (Marcereau Decl, ¶6.) The Peters family has also incurred significant costs which will be forfeited if the trial date is lost. (*Id.*)

**C.    The Court Must Waive the 14 Day Rule So That Trial May Proceed.**

Bankruptcy Rule 4001(a)(3) provides, "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Courts may waive the fourteen-day stay under Bankruptcy Rule 4001(a)(3) based upon the totality of circumstances and as an equitable remedy. See In re Éclair Bakery Ltd., 255 B.R. 121, 143 n.42 (Bankr. S.D.N.Y. 2000) (stay under Rule 4001(a)(3) waived due to debtor's unclean hands); In re Soltzfus, 2009 Bankr. LEXIS 2634, *18-19 (Bankr. E.D. Pa. Mar. 30, 2009) (stay under Rule 4001(a)(3) waived due to debtor's improper filing of bankruptcy case). The civil trial starts on February 1, 2016 – less than 14 days from the filing of this motion. Unless the Court abrogates the 14-day stay provided by Bankruptcy Rule 4001(a)(3), the trial cannot proceed.

**IV.    CONCLUSION.**

For all the reasons described above and in the accompanying Motion, Mrs. Peters respectfully requests that the Court grant this Motion and waive the 14 day rule.

Date: January 22, 2016                          **MARCEREAU & NAZIF**

By: _____
Robert H. Marcereau
Attorneys for Movant Kelli Peters

MOTION FOR RELIEF FROM AUTOMATIC STAY

## DECLARATION OF ROBERT H. MARCEREAU

I, Robert H. Marcereau, declare on the basis of personal knowledge as follows:

1.    I am an attorney licensed to practice law before all courts of the State of California, and am counsel for Movant Kelli Peters. I make this Declaration in support of Mrs. Peters' Motion for Relief From Automatic Stay from the bankruptcy petition of Kent Easter, Case No. 8:16-bk-10223-ES. If called as a witness, I could and would testify competently to these facts under oath.

2.    **The Lawsuit in Orange County Superior Court**. I represent Kelli Peters and her family in a civil lawsuit pending against Kent Easter and his wife, Jill Easter, in Orange County Superior Court. (Case No. 30-2012-00588580-CU-PO-CJC, Judge Glass, Dept. 32 [the "Civil Lawsuit"].) The jury trial in this case is set to commence on February 1, 2016 – *i.e., 10 days from now*.

3.    The Civil Lawsuit was filed against the Easters in August, 2012. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit A**. The complaint contains causes of action for False Imprisonment and Intentional/Negligent Infliction of Emotional Distress. The complaint alleges that Kent Easter and Jill Easter planted illegal drugs in Kelli Peters' car, then made a false report to the police about it, which resulted in Mrs. Peters' detention by police. The Civil Lawsuit was stayed until the criminal trial of Kent Easter concluded in September, 2014.

4.    **The Criminal Conviction of Kent Easter**. Kent Easter was criminally convicted of felony false imprisonment of Kelli Peters on 9/10/14 in Orange County Sup. Ct., Case No. 12ZF0153, for planting illegal drugs in Kelli Peters' car and making a false report to the Irvine Police about it. Kent Easter was criminally convicted under Penal Code 236 and 237(a). Jill Easter pleaded guilty to the same crime. True and correct copies of the Criminal Case Summaries for both Kent and Jill Easter from the OC Superior Court are attached hereto as **Exhibit B**.

5.    **Movant, her Family, and Over Half a Dozen Percipient Witnesses Have Already Made Work and Family Arrangements to Appear For the February 1, 2016 Trial**. Plaintiffs Kelli Peters, husband Bill Peters, and their daughter have all arranged their work and family schedules to appear at trial on February 1.  Over half a dozen third-party witnesses have also made work/family arrangements to appear at trial, including Irvine Police officers Charles Shaver and Mark Andreozzi, OC District Attorney Christopher Duff, Irvine Public School principal Heather Phillips, and Psychologist Nina T. Rodd.  If the trial date is lost, these witnesses will be prejudiced, and may not be available for a later trial date.

6.    **Movant Will Be Severely Prejudiced If Their Trial Date Is Lost**. Movant Kelli Peters and her family *have been waiting over four years for their day in court*.  In light of the Court's busy calendar, if this trial date is lost, there is no telling when the trial will be re-scheduled, and no telling whether the percipient witnesses currently committed to appear at trial will be available.  My clients and I have spent an enormous amount of time getting ready for the February 1 trial date (including witness and argument preparation), and much of this work will have to be re-done if the trial does not go forward as scheduled.  Plaintiffs have also incurred significant costs (including process server fees, witness fees, expert costs and time taken off work) which will be forfeited if the trial date is lost.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 22, 2016, at Foothill Ranch, California.

Robert H. Marcereau

# Exhibit A

1   SANDERS LAW GROUP
Inga N. Sanders (State Bar No. 221552)
2   isanders@sanderslg.com
638 Camino De Los Mares, Suite H130-510
3   San Clemente, CA 92673
Telephone:     (310) 574-2754
4   Facsimile:     (310) 997-3626

5

6   RUTAN & TUCKER, LLP
Alejandro S. Angulo (State Bar No. 217823)
7   aangulo@rutan.com
611 Anton Boulevard, Fourteenth Floor
8   Costa Mesa, California 92626-1931
Telephone:     (714) 641-5100
9   Facsimile:     (714) 546-9035

10

11   ATTORNEYS FOR PLAINTIFFS
Kelli Peters, Bill Peters and Jane Doe
12

13

14         SUPERIOR COURT OF THE STATE OF CALIFORNIA

15               FOR THE COUNTY OF ORANGE

16   KELLI PETERS, an individual, BILL      Case No.   30-2012-00588580-CU-PO-CJC
PETERS, an individual, and JANE DOE, a
17   minor child, by and through her guardian ad    **FIRST AMENDED COMPLAINT FOR:**
litem, Kelli Peters
18                            **1. INTENTIONAL INFLICTION OF**
19       Plaintiffs,                  **EMOTIONAL DISTRESS;**
                               **2. NEGLIGENT INFLICTION OF**
20       vs.                           **EMOTIONAL DISTRESS; AND**
21   JILL B. EASTER, an individual, KENT W.     **3. FALSE IMPRISONMENT**
EASTER, an individual, and DOES 1 through
22   20, inclusive,                     (Unlimited Civil Case)
23       Defendants.                JURY TRIAL DEMANDED

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/22/2012 at 09:30:00 AM
Clerk of the Superior Court
By Enrique Veloz, Deputy Clerk

Plaintiffs Kelli Peters, Bill Peters and Jane Doe ("Plaintiffs") allege the following:

## THE PARTIES

1.     Plaintiff Kelli Peters is and was at all relevant times an individual residing in Orange County, California.

2.     Plaintiff Bill Peters is and was at all relevant times an individual residing in Orange County, California, and husband to Kelli Peters.

3.     Plaintiff Jane Doe is and was at all relevant times a minor child residing in Orange County, California, with her parents Kelli and Bill Peters, and appears in this action by and through her guardian ad litem, Kelli Peters.  Jane Doe is the only child of Kelli and Bill Peters.

4.     Plaintiffs are informed and believe and thereon allege that defendant Jill B. Easter, also known as "Ava Bjork" and "Jill Bjorkholm," is and was at all relevant times an individual residing in Orange County, California.

5.     Plaintiffs are informed and believe and thereon allege that defendant Kent W. Easter is and was at all relevant times an individual residing in Orange County, California.

6.     Plaintiffs are unaware of the true names and capacities of defendants Does 1 through 20, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs will amend this Complaint to show the true names and capacities of such fictitiously named defendants when the same have been ascertained or upon proof at trial.  Plaintiffs are informed and believe and based thereon allege that each of the fictitiously-named defendants are legally responsible for the events and damages alleged herein and/or jointly and severally liable for the debts and obligations of other defendants as alleged herein.

7.     Plaintiffs are informed and believe and based thereon allege that at all relevant times, certain of the defendants, including the Doe defendants, were acting as the partners, agents, co-conspirators, successors or predecessors in interest, and, unless alleged otherwise, were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other named defendants.  Jill B. Easter, Kent W. Easter, and Does 1-20 are collectively referred to herein as "Defendants."

///

SANDERS LAW GROUP
638 CAMINO DE LOS MARES, SUITE H130-510
SAN CLEMENTE, CA 92673
(210) 571 0761

## OPERATIVE FACTS

8.    All operative facts are pleaded on information and belief.

9.    This unfortunate case arises from an evil conspiracy by Jill and Kent Easter to destroy the lives of Kelli Peters, her husband Bill Peters, and their twelve year old child, Jane Doe.

10.    Beginning in or about early 2011, the Easters conspired and plotted to have Kelli Peters arrested, criminally convicted and imprisoned for crimes associated with unlawful possession of narcotics and illegal drugs, child endangerment, and driving under the influence, among other things.

11.    At all relevant times, Mrs. Peters was a member of the PTA and worked as a volunteer at a local elementary school, where her child, Jane Doe, also attended.

12.    On or about February 16, 2011, Mr. Easter, pursuant to his conspiracy with Mrs. Easter, planted Vicodin, Percocet, Marijuana, and a used Marijuana pipe in the back seat of Mrs. Peters' car. As part of the conspiracy to frame Mrs. Peters, Mr. Easter made sure to plant these items in plain view.

13.    After planting the drugs and pipe in Mrs. Peters' car and pursuant to his conspiracy with Mrs. Easter, Mr. Easter called the Irvine police, falsely telling the police that he was a "concerned parent" who had witnessed Mrs. Peters driving erratically in the parking lot of the elementary school, where children were present. Also pursuant to the conspiracy, Mr. Easter falsely told the police that he had witnessed Mrs. Peters (a) park her car at the elementary school; (b) use drugs in her car, (c) place a large quantity of illegal drugs in the backseat of her car in plain view; and (d) enter the school where numerous children were present. In furtherance of his conspiracy and in an attempt to cover his tracks, Mr. Easter gave the police a phony name, telephone number and address.

14.    Concerned about the well-being and safety of elementary school children, the Irvine Police acted on Mr. Easter's false report and went to the school to investigate. When Irvine police officers arrived at the school, they found Mrs. Peters' car in the parking lot, looked through the window, and saw the bag of drugs behind the driver's seat, just as Mr. Easter had described in his phony police report. The police officers then entered the school, tracked down Mrs. Peters and, in

SANDERS LAW GROUP
638 CAMINO DE LOS MARES, SUITE H130-510
SAN CLEMENTE, CA 92673
(310) 574-7754

1   front of children, parents, school administrators, volunteers and Mrs. Peters' twelve year old child,

2   took Mrs. Peters into custody and escorted her outside the building.

3         15.    When police first took Mrs. Peters into custody, Mrs. Peters was immediately

4   distraught, believing that something terrible must have happened to her husband, and that the police

5   were there to notify her of his death. After a few moments, however, Mrs. Peters learned that the

6   police were in fact following up on a tip that she had been driving erratically around the elementary

7   school parking lot, was on drugs, and had stashed a bag of drugs in the back of her car. Mrs. Peters

8   was shocked at the accusation.

9         16.    In a desperate effort to clear her name, Mrs. Peters consented to a search of her car,

10   still hoping that this was all some sort of terrible misunderstanding. Mrs. Peters was escorted to her

11   car and discovered that it was surrounded by police cars and onlookers, and that a police helicopter

12   was circling overhead. To Mrs. Peters' horror, when the police opened her car, they pulled out the

13   bag of drugs and drug paraphernalia. In front of a crowd of people, including the police, the entire

14   school, parents, volunteers, passersby and Mrs. Peter's twelve year old child, the police laid out the

15   Vicodin, Percocet, Marijuana and Marijuana pipe on the hood of a nearby police car. Mrs. Peters

16   was then forced to sit on the curb in the school parking lot next to the array of drugs and drug

17   paraphernalia, for all to see. Mrs. Peters was detained at the school for over two hours while the

18   police conducted their investigation. Distraught and afraid, Mrs. Peters was crying and shaking

19   uncontrollably.

20         17.    While Mrs. Peters was being detained by police, the school principal notified Mr.

21   Peters that his wife had been taken into custody and that he needed to come down to the school

22   immediately. Fearing for his wife, Mr. Peters immediately left work and rushed over to the school,

23   where he found his wife being held by police on suspicion of illegal drug use and drug possession.

24   Mr. Peters was horrified.

25         18.    Continuing their investigation of Mrs. Peters and pursuant to police protocol, the

26   police then escorted Mrs. Peters and her family back to their home, where they conducted a search

27   of the premises. While Mrs. Peters, her husband and their young daughter watched in nervous

28   shock, the police searched their home, including bedrooms, bathrooms, the garage and the patio.

SANDERS LAW GROUP
638 CAMINO DE LOS MARES, SUITE H130-510
SAN CLEMENTE, CA 92673
(310) 574-7754

1    Later that night, CSI showed up at the Peters' home and took DNA samples of Mrs. Peters, Mr.

2    Peters and their child with intrusive cheek swabs. CSI also conducted fingerprint analyses of the

3    family and their car.

4        19.    During her detention by police and the continued criminal investigation, Mrs. Peters

5    was faced with the prospect of being convicted for felony drug possession, felony child

6    endangerment, and driving under the influence, among other things—offenses which would not

7    only cause her to lose her volunteer job and be disgraced in her community, but potentially send her

8    to jail for years and rip her away from her child and husband. Understandably, throughout the

9    detention, police search and CSI investigation, the Peters' hearts were beating out of their chests.

10        20.    The Peters' suffering did not end after the day on which Mrs. Peters was detained,

11    however. Over the next year, the Irvine police continued to investigate the matter. Throughout this

12    time, the Peters remained fearful that someone was out to hurt or kill them, and that Mrs. Peters

13    might still be arrested and convicted of crimes she did not commit. Every time the Police called

14    Mrs. Peters or had her come down to the police station seeking more information about the incident,

15    Mrs. Peters and her family thought that she was going to be thrown in jail. Mrs. Peters, Mr. Peters

16    and their daughter felt helpless and terrified throughout the entire ordeal.

17        21.    During the initial detention of Mrs. Peters and the subsequent police inquiry, the

18    Peters family was forced to endure extreme distress, fear, and public humiliation from the criminal

19    investigation and accusations, as well as the constant anxiety that some unknown person or persons

20    were actively trying to destroy them. Mrs. Peters has suffered and continues to suffer from panic

21    and depression due to this ordeal. She has had difficulty sleeping and experienced recurring

22    nightmares about being arrested or about being murdered by an unknown attacker. In fact, in one

23    recurring nightmare, an unknown assailant breaks into her home and slits her throat before killing

24    the rest of her family in cold blood.

25        22.    Mr. Peters was and remains fearful for the safety of his family, and has constant

26    anxiety about leaving his family alone while at work. After discovering that unknown assailants

27    were out to get his family, Mr. Peters began calling home eight to ten times a day to check on his

28    wife and child. Mr. Peters' anxiety grew so severe that he experienced panic attacks.

SANDERS LAW GROUP
638 CAMINO DE LOS MARES, SUITE H130-510
SAN CLEMENTE, CA 92673
(310) 574-2754

5

SANDERS LAW GROUP
638 CAMINO DE LOS MARES, SUITE H130-510
SAN CLEMENTE, CA 92673
(310) 574-7654

23.    The Peters' twelve year old child, Jane Doe, has also suffered and continues to suffer from severe anxiety and depression, and is afraid to fall asleep. After the incident, Jane Doe would wake up in the middle of the night, terrified, and run to her parents' bedroom where she cried herself to sleep in her mother's arms. To this day, she remains fearful and has difficulty sleeping. Once a popular and successful student, Jane Doe has become withdrawn at school and has been isolated from her classmates. Jane Doe has had difficulty concentrating on her schoolwork and her grades have suffered. Since this incident, Jane Doe has been singled out and shunned by other students.

24.    After a lengthy and incredibly thorough investigation, the Irvine police were able to trace the call made by Mr. Easter to a hotel lobby, where surveillance footage revealed his identity. The police also found DNA from both Mr. and Mrs. Easter on the drugs and Marijuana pipe that were planted in Mrs. Peters' car, and uncovered numerous text messages and emails sent between Mr. and Mrs. Easter regarding their plot to destroy Mrs. Peters and her family. On or about June 16, 2012, the Irvine police arrested Jill and Kent Easter.

25.    After their arrest on June 16, 2012, the Easters were charged with (1) conspiracy to falsely charge or indict another of a crime; (2) false imprisonment effected by violence, menace, fraud, or deceit; and (3) conspiracy to commit a crime. The criminal case is currently pending in Orange County Superior Court, Case No. 12CF1831. Accordingly, Plaintiffs did not learn that Defendants were the persons responsible for the conduct alleged herein until well within any applicable statutes of limitations periods.

26.    The arrest and indictment of Jill and Kent Easter—both of whom are wealthy, extremely well educated and powerful attorneys—made headlines around the nation and across the globe. Prior to and even after their arrest, the Easters have shown absolutely no remorse for their despicable conduct, which has ripped apart the lives of the entire Peters family. Despite the overwhelming evidence against them, including DNA evidence, text messages, emails, and video surveillance, the Easters continue to deny responsibility and, incredibly, Jill Easter, aka "Eva Bjork," continues to market her novel about "how to commit the perfect crime."

///

1       d.  For punitive damages as allowed by law;

2       e.  For cost of suit herein;

3       f.  For reasonable attorneys' fees as allowed by law; and

4       g.  For such other and further relief as the Court deems just and proper.

5

6   Dated:  August 22, 2012           **SANDERS LAW GROUP**

7

8             By: _____
                Inga N. Sanders

9               Attorneys for Plaintiffs Kelli Peters, Bill
                Peters, and Jane Doe

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SANDERS LAW GROUP
638 CAMINO DE LOS MARES, SUITE H130-510
SAN CLEMENTE, CA 92673
(310) 574-7754

9

Exhibit B

10/18/2015                                                              https://ocapps.occourts.org/Vision_PublicNS/PrintCase.do

# Case Summary

**Case Number:**   12ZF0153
**OC Pay Number:**   7403753
**Originating Court:** Central
**Defendant:**   Easter, Kent Wycliff

**Case Status:**

| | | |
|---|---|---|
| Status: | Appeal | |
| Case Stage: | | |
| Release Status: | Remanded | |
| Warrant: | N | |
| DMV Hold : | N | |
| Charging Document: | Indictment | |
| Mandatory Appearance: | Y | |
| Owner's Resp: | N | |
| Amendment #: | 0 | |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 02/16/2011 | 236/237(a) PC | F | False imprisonment effected by violence, menace, fraud, or deceit | NOT GUILTY | 11/30/2012 | Found Guilty by Jury | 09/10/2014 |
| 2 | 0 | 02/16/2011 | 182(a)(2) PC | F | Conspiracy to falsely charge or indict another of a crime | NOT GUILTY | 11/30/2012 | Dismissed | 11/04/2013 |
| 3 | 0 | 02/16/2011 | 182(a)(1) PC | F | Conspire to commit a crime | NOT GUILTY | 11/30/2012 | Dismissed | 11/04/2013 |

**Sentences:**

| Seq # | Sentence Date | Sentence |
|---|---|---|
| 1 | 10/17/2014 | 3 years Probation |
| 2 | 10/17/2014 | 180 days Jail |
| 3 | 10/17/2014 | Restitution |
| 4 | 10/17/2014 | 100 hours Community Service |

10/18/2015                              https://ocapps.occourts.org/Vision_PublicNS/PrintCase.do

# Case Summary

**Case Number:** 12ZF0153
**OC Pay Number:** 7403735
**Originating Court:** Central
**Defendant:** Easter, Jill Bjorkholm

**Case Status:**

| | |
|---|---|
| Status: | Convicted |
| Case Stage: | |
| Release Status: | Released on Bond |
| Warrant: | N |
| DMV Hold : | N |
| Charging Document: | Indictment |
| Mandatory Appearance: | Y |
| Owner's Resp: | N |
| Amendment #: | 0 |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 02/16/2011 | 182(a)(2) PC | F | Conspiracy to falsely charge or indict another of a crime | NOT GUILTY | 11/30/2012 | Dismissed | 10/30/2013 |
| 2 | 0 | 02/16/2011 | 236/237(a) PC | F | False imprisonment effected by violence, menace, fraud, or deceit | GUILTY | 10/30/2013 | Pled Guilty | 10/30/2013 |
| 3 | 0 | 02/16/2011 | 182(a)(1) PC | F | Conspire to commit a crime | NOT GUILTY | 11/30/2012 | Dismissed | 10/30/2013 |

**Sentences:**

| Seq # | Sentence Date | Sentence |
|---|---|---|
| 1 | 10/30/2013 | 3 years Probation |
| 2 | 10/30/2013 | 245 days Jail |
| 3 | 10/30/2013 | 120 days Jail |
| 4 | 10/30/2013 | Restitution |
| 5 | 10/30/2013 | 100 hours Community Service |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion for (A) Relief From the Automatic Stay under 11 U.S.C. § 362 (Real Property): and (B) Relief from Turnover under 11 U.S.C. § 543 by Prepetition Receiver or Other Custodian (with supporting declarations)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **01/22/2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor: | Trustee: | Defendant in Non- |
|---|---|---|
| Kent W. Easter | Weneta M.A. Kosmala | Bankruptcy Case: |
| 153 Baywood Drive | P.O. Box 16279 | Jill B. Easter |
| Newport Beach, CA 92660 | Irvine, CA  92623 | P.O. Box 12402 |
| | | Costa Mesa, CA 92627 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **01/22/2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL SERVICE:

Honorable Erithe A. Smith
U.S. Bankruptcy Court Central District of California
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

VIA E-MAIL:

Trustee, Weneta M.A. Kosmala: wkosmala@kosmalalaw.com
Debtor, Kent W. Easter: kenteaster@gmail.com
Defendant in Non-Bankruptcy Case, Jill B. Easter: easterjb@gmail.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/22/2016 | Nicole Lipowski | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**